UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE | : | CHAPTER 13 |
| BRIAN DEREK CARMAN | : | |
| DEBTOR | : | CASE NO. 07-44271-JBR |

ORDER ON CREDITORS' OBJECTIONS TO CONFIRMATION OF THE DEBTOR'S CHAPTER 13 PLAN

FACTS

The Debtor filed an Amended Chapter 13 Plan ("Plan") (Docket #40) which proposes to modify the terms of the mortgages on the Debtor's rental property held by GMAC and PHH ("Creditors"). The Plan proposes to change the interest rates on the mortgages from 9% to 6%, make interest-only payments for the life of the Plan, and make a lump sum/balloon payment at the end of the Plan period to pay the remaining balance of the mortgage. In response, the Creditors filed Objections to Confirmation of the Plan (Docket #59, 92), arguing that payments made pursuant to the Plan would not be sufficient to satisfy the Creditors' claims and that the Plan, therefore, does not provide adequate protection of their interests.

DISCUSSION

1. Lump sum/balloon payments are impermissible modifications.

The Debtor's proposal to make a lump sum/balloon payment at the end of the Plan period is an impermissible modification of the mortgages in question. Although "[t]he Bankruptcy Code neither makes provisions for nor precludes the use of balloon payments in Chapter 13 cases," *Matter of McClaflin*, 13 B.R. 530, 533 (Bkrtcy.N.D.Ill. 1981), Collier on Bankruptcy

suggests that it is the *single* lump sum payment arrangement that may be permissible under the requirement of 11 U.S.C. Section 1325(a)(5)(A)(iii)(I) that periodic payments "be in equal monthly amounts." *In re Lemieux*, 347 B.R. 460 (Bankr. D. Mass. 2006). In the case at hand, the Debtor proposes to make equal interest-only payments throughout the Plan period followed by a final balloon payment. Such a modification is impermissible in that, "once periodic payments to that creditor commence, a subsequent balloon payment would be unequal to those that preceded it. *Id.*

2. Interest Rate Modifications may be permissible if the proposed rate is reasonable and fair.

The Debtor's proposed interest-rate modifications may be permissible pursuant to 11 U.S.C. Section 1322(b)(2), which permits modifications to creditors' rights unless a claim is secured only by a security interest in the debtor's principal residence. Section 1322(b)(2) states that a plan may modify the terms of a mortgage "other than a claim secured only by a security interest in real property that is the debtor's principal residence…." Since the mortgages in question are not held on the Debtor's principal residence, the proposed interest-rate modifications should not be denied automatically. *In re Groff*, 131 B.R. 703, 707-08 (Bankr. E.D. Wis. 1991). Rather, a modification may be permissible where the proposed interest rate is "reasonable and fair" in that the "the claim will be paid out in full over the life of the Plan with the interest provided." *In re Wilson*, 144 B.R. 318, 319-20 (Bankr. W.D. Va. 1992). To determine the validity of the Creditors' assertion that the Plan does not satisfy the claims in full, an inquiry should be made as to whether the proposed interest rate is comparable to the going market rate in the area. *Id.*

**CONCLUSION**

The Court hereby sustains the Creditors' objections and denies confirmation of the

Debtor's Plan as it finds that lump sum/balloon payments are an impermissible loan modifications. As the Debtor's Plan is not confirmable, the Court need not rule on the reasonableness and fairness of the interest rate modifications. The Debtor shall file an amended plan within 30 days of the date of this Order.

Dated: July 25, 2008                    By the Court,

 

                                     *[signature]*
                                     Joel B. Rosenthal
                                     United States Bankruptcy Judge